UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JOSUE FLORES CARRETO,

              Petitioner,

   -against-

UNITED STATES OF AMERICA,

              Respondent.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 10-CV-5630 (FB)

*Appearances:*

| For the Movant: | For the Respondent: |
|---|---|
| JOSUE FLORES CARRETO, *pro se* | LORETTA E. LYNCH, ESQ. |
| 70716-053 | United States Attorney |
| USP Atwater | Eastern District of New York |
| Federal Correction Institution | By: PAMELA K. CHEN, ESQ. |
| Post Office Box 019001 | Assistant United States Attorney |
| Atwater, CA 95301 | 271 Cadman Plaza East |
| | Brooklyn, NY 11201 |

**BLOCK, Senior District Judge:**

        Josue Flores Carreto asks for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, arguing that the Court mistakenly characterized certain claims raised in his 28 U.S.C. § 2255 petition as challenges to the voluntary nature of his plea and that the Court failed to address some of his ineffective assistance of counsel arguments raised in that petition. For the reasons stated below, Carreto's motion is denied.

I.

        From 1991 until his arrest in 2005, Josue Flores Carreto, along with members of his extended family, smuggled young Mexican women into the United States, abused them, and forced them into prostitution. The government extended a global plea offer that

required Carreto and his two co-defendants to plead guilty by a certain date. The defendants did not do so, and the government withdrew its offer. Just before the trial was scheduled to begin, the defendants pleaded guilty to the entire 27-count indictment.[1]

Carreto retained new counsel for sentencing. On April 24, 2006, Carreto moved *pro se* to withdraw his guilty plea. Three days later, counsel informed the Court that the defendants had hired a private investigator, William Acosta, who had obtained transcripts from a Mexican legal proceeding in which the victims purportedly made statements that contradicted their statements to the government in this case. The Court denied defense counsel's request to adjourn the sentencing and denied the defendants' motions to withdraw their pleas. Carreto was sentenced to 50 years' imprisonment and five years' supervised release.

The Second Circuit affirmed the denial of Carreto's motion to withdraw his plea, finding that the plea was "taken knowingly and voluntarily," that the evidence from Mexico "did not alter the fact that defendants had knowingly and voluntarily pled guilty," and that any ineffective assistance of counsel claims could more appropriately be raised in a 28 U.S.C. § 2255 petition. *United States v. Carreto,* 583 F.3d 152, 157-158 (2d Cir. 2009). The Supreme Court denied Carreto's petition for a writ of certiorari. *See Carreto v. United States*, 130 S. Ct. 813, 813 (2009).

On December 6, 2010, Carreto timely filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, and subsequently amended this motion

---

[1] The indictment consisted of six counts related to sex trafficking, four counts of forced labor, four counts of transporting individuals for prostitution, five counts related to importing aliens for immoral purposes, and eight counts related to alien smuggling.

by submitting an affidavit from Acosta describing the fruits of his investigation.[2]  On October 18, 2011, this Court denied Carreto's § 2255 motion. *See* Mem. & O. of Oct. 18, 2011 ("Oct. 18 Order").  Carreto now moves *pro se* for the Court to reconsider that order pursuant to Federal Rules of Civil Procedure 60(b)(1), (b)(4), and (b)(6).

## II.

A Rule 60 motion that raises new claims or challenges the Court's previous determination on the merits is properly treated as a successive habeas petition, which must be certified by the court of appeals.  *See* 28 U.S.C. § 2255(h); *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005).  Only claims that address "some defect in the integrity of the federal habeas proceedings" may be the subject of a Rule 60 motion.  *Gonzalez*, 545 U.S. at 532.  If the motion attacks the underlying conviction, the Court can either treat it as a "second or successive" habeas petition and transfer it to the Second Circuit or the Court may deny that portion of the motion as beyond Rule 60's scope.  *See Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004).

In his Rule 60 motion, Carreto raises two claims: (1) the Court mistakenly characterized his § 2255 claims as challenges to the voluntary nature of his plea rather than as claims of ineffective assistance of counsel, and (2) the Court failed to address arguments raised in sections A, C, D, E, and G of his ineffective assistance of counsel claim.  Carreto raises both claims pursuant to Rule 60(b)(1), which permits relief from a judgment for "mistake," and Rule 60(b)(6), which allows reconsideration for "any other reason that

---

[2] This Court construed the amended motion as a submission of the supplemental affidavit, reviewing the affidavit as part of the § 2255 motion.

justifies relief." He also cites Rule 60(b)(4), which permits relief by declaring a judgment "void" because it is based "on a violation of due process that deprives a party of notice or the opportunity to be heard," as an alternative basis for his second claim. *See United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1377 (2010). As explained below, the Court dismisses Carreto's claims because they do not constitute sufficient bases for relief under Rule 60(b).

## II.

The Court has already rejected Carreto's claims that directly allege ineffective assistance of counsel, *see* Oct. 18 Order at 4-8, and Carreto does not challenge those rulings. Instead, he contends only that the Court erred by characterizing his remaining arguments as challenges to the voluntary nature of his plea and failing to address them. The Court properly addressed these claims by explaining why they failed to establish ineffective assistance of counsel or by explaining that the claims are better understood as challenges to the voluntary nature of the plea. Carreto has not demonstrated that his counsel failed to raise substantial issues or otherwise performed below "an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), much less that there is a reasonable probability that, but for any such error, he "would not have pleaded guilty and would have insisted on going to trial," *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

In section A of his § 2255 petition, Carreto argued that trial counsel, Telesforo Del Valle, Jr., provided ineffective assistance of counsel, which should have prompted the Court to grant Carreto's motion to withdraw his guilty plea. In support of this claim, Carreto stated that Del Valle failed to obtain evidence from the Mexican proceedings, that

4

Del Valle did not provide an adequate response when asked by this Court why Carreto was pleading guilty as opposed to going to trial, and that Carreto's guilty plea "simply made no sense." This Court already considered and rejected the claim that Del Valle failed to sufficiently investigate, *see* Oct. 18 Order at 5-6, and Carreto provides no reason as to why this analysis was incorrect.[3] The Court also considered and rejected Carreto's other arguments, explaining that "Del Valle did not deviate from a reasonable standard of professional assistance by advising Carreto to plead guilty in the hope that the Court would look favorably on the plea at sentencing." *See* Oct. 18 Order at 8.

In section C, Carreto argued that Del Valle was ineffective by failing to object to the indictment and preserve Carreto's claims of innocence. Carreto also argued that his plea decision was motivated by a statement from his co-defendant's counsel that he would receive only a 15-year sentence.[4] These arguments are belied by the record. During the plea proceedings, Del Valle stated that the guilty plea was in Carreto's best interest, Transcript of 4/5/2005 ("Plea Tr.") at 8-10; the Court made clear that there was no plea agreement, Plea Tr. at 48; Carreto and Del Valle told the Court that they had reviewed the sentencing estimates, Plea Tr. at 62; Carreto indicated that he understood the Guidelines

---

[3]Carreto attached his own affidavit to the § 2255 petition, describing out-of-court discussions between the co-defendants and their counsel. Carreto states that the Second Circuit did not have the benefit of this information when ruling on his appeal, though he does not explain why he did not provide this information when seeking to withdraw his guilty plea in 2006 or when appealing his conviction and sentence in 2008. Nevertheless, this Court did consider Carreto's affidavit when reviewing his § 2255 petition but found that it did not provide sufficient support for his claims.

[4]In section D, Carreto similarly argued that his co-defendant's counsel led him to believe that there was a new plea agreement.

5

calculations, Plea Tr. at 62; the Court described the sentencing consequences of the plea, Plea Tr. at 49-64; and Carreto answered "no" when asked under oath whether anyone had made any promises to him as to what his sentence would be, Plea. Tr. at 70. *See Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009) (on a § 2255 motion, "a district court need not assume the credibility of factual assertions, as it would in civil cases, where the assertions are contradicted by the record in the underlying proceeding").

In section E of his § 2255 petition, Carreto contended that Del Valle abandoned him at critical stages of the proceeding; that his sentencing counsel, Roy Raymond John Kulscar, failed to discuss the pre-sentence report with him; and that they both failed to make objections to preserve the record. The Court has already considered and rejected these arguments, *see* Oct. 18 Order at 8, and Carreto does not put forth any reasons in his Rule 60(b) motion as to why these conclusions are incorrect.[5]

None of the arguments raised by Carreto in his Rule 60(b) motion calls into question the correctness of the Court's denial of his § 2255 petition. Accordingly, there is no "mistake," no due process violation, and no "other reason" that warrants granting Carreto's motion. *See* Rule 60(b)(1), (b)(4), (b)(6).

---

[5]Carreto also argued in section G that Del Valle was ineffective for failing to object to many of the charges based on insufficiency of the evidence after learning that Carreto planned to plead guilty to the entire indictment. This is simply a restatement of claims made in other sections of his § 2255 petition, which have already been considered and rejected for the reasons explained above.

6

### III.

Carreto's motion is denied in its entirety.

**SO ORDERED.**

/s/ Judge Frederic Block
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 27, 2012